## IN THE CIRCUIT COURT FOR RUTHERFORD COUNTY, TENNESSEE

| | |
|---|---|
| KATHY HILT,<br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN MULTI-CINEMA, INC. d/b/a<br>AMC STONES RIVER 9; and<br>SVAP II STONES RIVER, LLC<br>　　　　Defendants. | DOCKET NO. 82433<br>JURY DEMANDED<br><br>FILED<br>JUN 26 2024<br>11:50 o'clock A.M.<br>MELISSA HARRELL<br>　　　　DEPUTY CLERK |

## COMPLAINT

COMES NOW, the Plaintiff, Kathy Hilt, by and through her counsel, and for her cause of action, hereby sues Defendants American Multi-Cinema, Inc. d/b/a AMC Stones River 9; and SVAP II Stones River, LLC, and states the following grounds for her cause of action:

### PARTIES

1. Plaintiff, Kathy Hilt, is a citizen and resident of Murfreesboro, Rutherford County, Tennessee.

2. American Multi-Cinema, Inc. d/b/a AMC Stones River 9 is a foreign for-profit corporation that, upon information and belief, at all times relevant to this case, owned, conducted, did business as, operated, managed, and/or maintained, a business known as AMC Stones River 9, which is located at 1706 Old Fort Parkway, Murfreesboro, Tennessee 37129 (the "Subject Premises").

Certified#: 9214890275091009047

3. Defendant American Multi-Cinema, Inc. d/b/a AMC Stones River 9 can be served with process of service through its registered agent: Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tennessee 37027.

4. Defendant SVAP II Stones River, LLC is a foreign limited liability company that, upon information and belief, owns the property located on the Subject Premises.

5. Defendant SVAP II Stones River, LLC can be served with process of service through its registered agent: Corporate Creations Network, Inc., 205 Powell Place, Brentwood, Tennessee 37027.

6. Defendant American Multi-Cinema, Inc. d/b/a AMC Stones River 9 and its employees, agents (actual and/or apparent), and representatives shall hereinafter be referred to as "AMC Stones River 9."

7. Defendant SVAP II Stones River, LLC and its employees, agents (actual and/or apparent), and representative shall hereinafter be referred to as "SVAP."

8. Defendants American Multi-Cinema, Inc. d/b/a AMC Stones River 9, SVAP II Stones River, LLC, and their employees, agents (actual and/or apparent), and representatives shall hereinafter be referred to collectively as "Defendants."

9. Upon information and belief, at all times relevant to the matters alleged herein, the Defendants owned, operated, managed, controlled, maintained, possessed, and were responsible for the Subject Premises.

## JURISDICTION AND VENUE

10. This civil action is a premises liability complaint for personal injuries suffered by Kathy Hilt on or about July 8, 2023, at the AMC Stones River 9 movie theater located on the Subject Premises.

11. The incident from which these injuries to the Plaintiff arose occurred in Rutherford County, Tennessee.

Certified#: 9214890275091009047

12. Venue is properly situated in Rutherford County, Tennessee pursuant to Tenn. Code Ann. §20-4-101 and 20-4-104.

13. This Court has jurisdiction over this matter pursuant to Tenn. Code Ann. §16-10-101.

14. Jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

15. Plaintiff specifically reasserts and incorporates by reference each and every allegation contained in the preceding paragraphs, as if fully set forth herein.

16. Upon information and belief, Defendants owned and or operated the AMC movie theater at the Subject Premises at all times relevant to the matters alleged herein.

17. Upon information and belief, Defendants were responsible for maintaining the Subject Premises in a safe condition at all times relevant to the matters alleged herein.

18. Upon information and belief, Defendants were responsible for keeping the Subject Premises and its guests reasonably safe at all times alleged herein.

19. Other than Defendants, no other person or entity was responsible for the care, maintenance, operation, inspection, repair, and safety of the Subject Premises at all times relevant to the matters alleged herein.

20. Upon information and belief, the individuals responsible for operating, maintaining, inspecting, repairing, and keeping the Subject Premises and its guests safe were employees, agents (actual and/or apparent), or both, of Defendants.

21. On or about July 8, 2023, was lawfully on the Subject Premises as a business invitee, customer, and guest of the Defendants.

22. On or about July 8, 2023, as Plaintiff Kathy Hilt was walking through the Subject Premises, she unexpectedly and without warning slipped on water that was spilled onto the floor and

Certified#: 9214890275091009047



in the walkway near the snack counter, which caused her to fall onto the ground causing her injury.

23. The water spilled onto the floor and in the walkway was a dangerous condition on the Subject Premises.

24. When she slipped and fell, Plaintiff fell forward landing on both of her hands and knees and was injured.

25. There were no caution signs, markers, or warnings whatsoever in the area where Ms. Hilt fell to warn her of the dangerous condition or slipping hazard.

26. Plaintiff Kathy Hilt suffered injuries when she slipped and fell, to include, but not limited to significant and severe injuries to her: left ankle, left knee, and left wrist.

27. Upon information and belief, Defendants had exclusive control over the area where Plaintiff fell.

28. At all times relevant to the matters alleged herein, the spilled water on the floor and in the walkway where Kathy Hilt fell was an unreasonably dangerous condition.

29. As the owner, operator, manager, and controller responsible for the Subject Premises, Defendants owed a duty of reasonable care to protect Ms. Hilt from unreasonable risks of harm and/or to warn her of the existence of dangerous conditions on its premises so that she could avoid injury.

30. Defendants owed a duty to operate, inspect, maintain, manage, repair, and keep safe its Subject Premises so as to keep the Premises in a reasonably safe condition to prevent injuries to its customers and or warn its customers so that they could avoid injury.

Certified#: 9214890275091009047

31. The unreasonably dangerous condition where Plaintiff Kathy Hilt slipped and fell was caused by the negligence of and or negligent maintenance and or inspection and or upkeep of the Subject Premises by Defendants acting through their employees, agents, or both.

32. Defendants created the unreasonably dangerous condition that caused Kathy Hilt to fall and be injured by negligently failing to maintain and or inspect the Subject Premises and or by negligently failing to warn of the dangerous condition on the Subject Premises.

33. Additionally, and or in the alternative, Defendants had actual and or constructive notice of the dangerous condition as the condition existed for such a duration that it should have been discovered and removed through the exercise of reasonable care before Plaintiff Kathy Hilt fell and injured herself.

## CAUSE OF ACTION – NEGLIGENCE

34. Plaintiff specifically reasserts and incorporates by reference each and every fact and allegation contained in the preceding paragraphs, as if fully set forth herein.

35. Defendants breached their duty of care by failing to inspect, repair, and or maintain the area where Plaintiff fell in a safe condition before she fell and or by failing to notify Ms. Hilt of the dangerous condition thereby exposing her to an unreasonable risk of harm.

36. As a result of Defendants' breaches of their duties of reasonable care, Ms. Hilt suffered injuries and damages.

37. Defendants are vicariously liable under the doctrine of *respondeat superior* for the acts and omissions of their employees, agents (actual and or apparent), and or representatives who were negligent in carrying out their duties, inspecting the area, maintaining the area, observing the area, keeping the area safe, and failing to remedy the dangerous condition or warn Ms. Hilt of the slipping hazard.

38. All of Defendants' employees, agents (actual and or apparent), and or representatives who were responsible for inspecting the area, observing the area, maintaining the area, and or keeping the area safe, and remedying any dangerous conditions and or warning of any dangerous condition in the area where Ms. Hilt fell, were working within the course and scope of their employment and or agency with Defendants at all times relevant to the matters herein.

39. Defendants, by and through their employees, agents (actual and or apparent), or both were negligent in failing to act with ordinary and reasonable care including, but not to be limited to, negligently:

   a. failing to maintain the Subject Premises in a reasonably safe condition;
   b. allowing a dangerous condition to exist on the Subject Premises when Defendants knew, or in the exercise of reasonable care should have known, that water spilled onto the floor and in the walkway created an unreasonable risk of harm to those walking through the movie theater;
   c. creating the dangerous condition on the Subject Premises that caused Plaintiff Kathy Hilt to slip and fall;
   d. failing to warn Plaintiff Kathy Hilt of the dangerous condition on the Subject Premises;
   e. failing to remedy or remove the dangerous condition; and
   f. failing to otherwise reasonable care with respect to the matters alleged herein.

40. Plaintiff Kathy Hilt has suffered physical and emotional injuries, and economic and non-economic damages, as a direct, proximate, and legal result of Defendants' negligence.

## **DAMAGES**

Certified#: 9214890275091009047



41. Plaintiff specifically reasserts and incorporates by reference each and every fact and allegation contained in the preceding paragraphs, as if fully set forth herein.

42. As a direct, proximate, and legal result of the negligence of the Defendants and their employees, agents, and or representatives, Plaintiff Kathy Hilt suffered serious, disabling, painful, and permanent bodily injuries which would not have otherwise occurred absent Defendants' negligence and which required Ms. Hilt to undergo reasonable and necessary medical care and treatment, including but not limited to treatment for injuries to her left ankle, knee, and wrist.

43. As a direct, proximate, and legal result of the negligence of Defendants, Plaintiff is entitled to damages and seeks all recoverable damages arising out of her injuries, including but not limited to the following specific items of damages:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Medical and other health care expenses, both past and future;

    d. Loss of enjoyment of life, both past and future; and

    e. Permanent injuries.

44. Plaintiff Kathy Hilt seeks all recoverable damages under Tennessee law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kathy Hilt prays for the following relief:

1. That this matter be tried before a jury of twelve;

2. That she be awarded compensatory damages by the jury against the Defendants in an amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00);

3. For general and special damages to be found to be caused by the conduct of the Defendants;

Certified#: 92148902750910090047

4. For costs of this matter to be taxed to the Defendants;

5. That she be awarded all discretionary costs and post-judgment interest as allowed by law; and

6. For all other relief to which the Plaintiff may be entitled by law and equity.

Respectfully submitted,

*Teryn E. Will*

Jenney S. Keaty (BPR #027554)
Teryn E. Williams (BPR #041419)
**Morgan & Morgan – Nashville, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
P: 615-514-4199
F: 615-750-9263
tewilliams@forthepeople.com
*Attorneys for Plaintiff*

Certified#: 92148902750910090475